### NEELEY TRIPPLETT *v.* MARSHALL TRIPPLETT, ETC.

**Vendor and Purchaser—Parol Contracts—Partition—Rescission.**

> The contract was nothing more than a parol agreement for the conveyance of real estate which the courts will not and cannot enforce. The oral contract under which appellees and their vendees hold should be rescinded on equitable terms.

APPLEAL FROM FLEMING CIRCUIT COURT.

June 18, 1872.

OPINION BY JUDGE LINDSAY:

The pleadings and exhibits show beyond question that the appellees, or some of them, are in possession of some portion at least of the lands to which appellant holds the fee simple title. They do not hold under deeds or title bonds executed by her, nor is it pretended that they or any of them have acquired title by an adverse possession of fifteen years.

Their claim is founded upon a partition made pursuant to the written agreement of December 8th, 1860, exhibited with the answer of Marshall Tripplett. An examination of this paper shows that it was contemplated by the parties that the estate of M. Tripplett, deceased, should be divided. No reference is made directly or inferentially to the lands of this appellant. The testimony of the commissioners conduces to show that she knew that they had included her lands in the division, and that she desired that they should do so. Still, she does not seem to have given a written assent to such division. Whatever may have been her intentions at that time, she can not now be estopped from asserting her legal right by any oral agreements then made.

The advancements to her sons, if made, were nothing more than parol contracts for the conveyance of real estate, which the courts will not and can not enforce.

Appellant's petition should not have been dismissed. She should have been adjudged possession of her lands and the oral contracts under which her sons and their vendees hold should be rescinded upon equitable terms. The action of the county court in receiving and putting to record the report of the commissioners was unauthorized and is therefore void.

The judgment is *reversed* and the cause remanded for further proceedings consistent with this opinion.

*W. H. Cord, for appellant.*

*Andrews, for appellees.*